IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHAWN BROWN, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 20-CV-05624 |
| UNITED STATES POSTAL SERVICE, | : |
| Defendant. | : |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, United States Postal Service (USPS), by and through its undersigned counsel, hereby answers and pleads affirmative defenses to plaintiff Lashawn Brown's amended complaint as follows:

## PRELIMINARY STATEMENT

1. Defendant admits only that plaintiff Brown was terminated from her position as a City Carrier Assistant with defendant USPS. Defendant denies the remaining allegations of paragraph 1.

2. Regarding the allegations of the first sentence in paragraph 2, defendant admits Brown worked for defendant USPS as an Assistant Rural Carrier in Sicklerville, New Jersey, from October 7, 2017 to August 19, 2018. Regarding the allegations of the second sentence of paragraph 2, defendant admits only that Brown worked in a different position as a City Carrier Assistant in Philadelphia, Pennsylvania, from August 20, 2018 to November 19, 2018; defendant denies that this change in positions was a transfer. To the extent paragraph 2 contains any further allegations, defendant denies them.

3. Defendant denies the allegations of paragraph 3.

1

4. Regarding the allegations of paragraph 4, defendant admits only that Brown was given a Notice of Separation on November 19, 2018. Defendant denies the remaining allegations of paragraph 4. By way of further answer, defendant avers that the Notice of Separation contained the reasons why the action was being taken.

5. Regarding the allegations of paragraph 5, defendant admits only that the Notice of Separation specifically listed "attendance" as one of the reasons for her termination. Defendant denies the remaining allegations of paragraph 5. By way of further answer, defendant avers that the Notice of Separation contains a list of four items that can be marked to specify why the action is being taken. Of the four items, USPS checked three items, those being "Attendance", "Performance", and "Failure to Meet Requirements of Position".

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

## JURISDICTION AND VENUE

8. The allegations of paragraph 8 are a mere recital of Brown's basis for jurisdiction to which no answer is necessary; however, to the extent an answer is required, defendant admits that Brown's claims in this case may be brought against defendant under Title I of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*

9. The allegations of paragraph 9 are a mere recital of Brown's basis for jurisdiction to which no answer is necessary; however, to the extent an answer is required, defendant avers that Brown's claims in this case may be brought against defendant under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

10.     The allegations of paragraph 10 are a mere recital of Brown's basis for proper venue to which no answer is necessary; however, to the extent an answer is required, defendant admits that venue is proper in this Court.

## PARTIES

11.     Defendant lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 11 and therefore denies them.

12.     Defendant denies the allegations of paragraph 12.

13.     Defendant admits the allegations of paragraph 13.

14.     Regarding the allegations of paragraph 14, defendant admits only that the United States Postal Service is an independent establishment of the executive branch of the United States Government, 39 U.S.C. § 201; that it is headquartered in Washington, D.C.; and that it has locations in Philadelphia, PA. To the extent paragraph 14 contains any further allegations, defendant denies them.

15.     Defendant admits the allegations of paragraph 15.

16.     Defendant admits the allegations of paragraph 16.

## FACTS

17.     Regarding the allegations of the first sentence in paragraph 17, defendant admits Brown worked for defendant USPS as an Assistant Rural Carrier in Sicklerville, New Jersey, from October 7, 2017 to August 19, 2018. Regarding the allegations of the second sentence of paragraph 18, defendant admits Brown worked in a different position as a City Carrier Assistant in Philadelphia, Pennsylvania, from August 20, 2018 to November 19, 2018, but defendant denies that this change in positions was a transfer. Defendant denies any remaining allegations of paragraph 17.

## FMLA Violation

18. Defendant admits the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant admits the allegations of paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 21 and therefore denies them.

22. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 22 and therefore denies them.

23. Defendant denies the allegations of paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 24 and therefore denies them.

25. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 25 and therefore denies them.

26. Defendant denies the allegations of paragraph 26.

27. Regarding the allegations of paragraph 27, defendant admits only that Brown worked on November 19, 2018. Defendant denies the remaining allegations of paragraph 27.

28. Regarding the allegations of the first sentence of paragraph 28, defendant admits Brown was provided a Notice of Separation signed by Ms. Reid on or about November 19, 2018. Regarding the allegations of the second sentence of paragraph 28, defendant admits that the Notice of Separation is attached to Brown's Amended complaint as Exhibit C. Defendant admits the allegations of the third sentence of paragraph 28.

29. Defendant denies the allegations of paragraph 29. By way of further answer, defendant avers that the Notice of Separation represented that Brown failed to meet the requirements of her position.

30. Defendant denies the allegations of paragraph 30.

**Unpaid Wages**

31. Defendant denies the allegations of paragraph 31.

32. Paragraph 32 contains conclusions of law to which no response is required; however, to the extent a response is required, defendant admits that the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, applies to it as an employer.

33. Defendant admits the allegations of paragraph 33.

34. Defendant admits the allegations of paragraph 34.

35. Defendant admits the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Regarding the allegations of paragraph 38, defendant admits that due to administrative issues relating to Brown being re-employed in a different district from the South Jersey District to the Philadelphia District, defendant was unable to process Brown's paychecks through its normal payroll system for the first few weeks of her employment in Philadelphia. Defendant denies any remaining allegations of paragraph 38.

39. Defendant admits the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

## COUNT I
### (Alleging Violations of the FMLA)

44. Defendant incorporates by references paragraphs 1-43 above as if set forth fully herein.

45. Regarding the allegations of paragraph 45, defendant admits that it is a covered employer under the FMLA.

46. Defendant denies the allegations of paragraph 46.

47. Paragraph 47 contains conclusions of law to which no response is required, and defendant thus denies these allegations.

48. Defendant denies the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49. By way of further answer, defendant avers that the Notice of Separation contains a list of four items that can be check marked to specify why the action is being taken. Of the four items, USPS checked three items, those being "Attendance", "Performance", and "Failure to Meet Requirements of Position".

50. Defendant denies the allegations of paragraph 50.

## COUNT II
### (Alleging Violations of the FLSA)

51. Defendant incorporates by references paragraphs 1-50 above as if set forth fully herein.

52. Paragraph 52 contains conclusions of law to which no response is required, and defendant thus denies these allegations.

53. Defendant admits the allegations of paragraph 53.

54. Defendant admits the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

## COUNT III
### (Alleging Minimum Wage Violations of the FLSA)

57. Defendant incorporates by references paragraphs 1-56 above as if set forth fully herein.

58. Defendant admits the allegations of paragraph 58.

59. Defendant admits the allegations of paragraph 59.

60. Defendant admits the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

The last paragraphs A-I of the Amended Complaint contain Brown's prayer for relief and jury demand to which no answer is necessary, but to the extent that an answer is deemed required, defendant denies that Brown is entitled to any relief whatsoever.

Defendant avers that all allegations not specifically admitted, explained, or denied herein are hereby denied.

## AFFIRMATIVE DEFENSES

1. The two-year statute of limitations for FMLA and FLSA bars any claims raised prior to that limitations period.

2. Defendant did not engage in any willful violations of the FMLA and FLSA; therefore, the three-year statute of limitation is inapplicable.

3. Defendant acted reasonably and in good faith in conformity with any Department of Labor rule, opinion, or regulation regarding any alleged violations of the FMLA and the FLSA.

4. Even though Defendant did not violate the FMLA when Brown was terminated, defendant would have made the "same decision" absent any attendance issues cited in Brown's Notice of Separation.

5. Defendant is not subject to liquidated damages under FMLA and FLSA because its challenged employment actions were not willful and were reasonable and in good faith.

WHEREFORE, having fully answered Brown's Amended Complaint, defendant requests that this Amended Complaint be dismissed with prejudice and that it be allowed to go hence with its reasonable costs and other such relief as this Court deems necessary and proper.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

*s/ Susan R. Becker for GBD*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

Dated: March 23, 2021

*s/ Eric D. Gill*
ERIC D. GILL
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106-4476
Phone: (215) 861-8250
Fax: (215) 861-8618
Email: Eric.Gill@usdoj.gov

OF COUNSEL:
CYNTHIA R. ALLEN
United States Postal Service
225 N. Humphreys Blvd.
Memphis, Tennessee 38166-0170
Main: (901) 747-7350
Direct: (901) 747-7667
Facsimile: (901) 747-7371

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I caused a copy of the foregoing Defendant's Answer to Plaintiff's Amended Complaint to be electronically filed with the Clerk of the Court and served via the Court's ECF system upon the following:

> Seth Lyons, Esquire
> Elizabeth Soltan, Esquire
> Community Legal Services
> 1424 Chestnut Street
> Philadelphia, PA 19102
> *Counsel for plaintiff*

Dated: March 23, 2021                     <u>*/s/ Eric D. Gill*                    </u>
                                          ERIC D. GILL
                                          Assistant United States Attorney