IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHAWN BROWN,<br>　　　　　　　　Plaintiff,<br>　v.<br>UNITED STATES POSTAL SERVICE,<br>　　　　　　　　Defendant. | CIVIL ACTION<br><br>No. 2:20-cv-05624 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR APPROVAL OF THE SETTLEMENT**

This lawsuit has been settled for a total amount of $4,250 on behalf of Plaintiff Lashawn Brown ("Brown" or "Plaintiff"). Because one of the settled claims arises under the under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and this Court generally requires judicial approval of settlements releasing FLSA claims, Brown and Defendant United States Postal Services ("Defendant" or "USPS") (collectively, "the Parties") have jointly moved for this Court's approval of the settlement, and jointly file this brief in support of this request. *See, e.g., Mitchell v. People for People Charter School, Inc.,* 2018 U.S. Dist. 2018 WL 1992178, *1 (E.D. Pa. April 27, 2018). The Parties move for approval of the settlement for the reasons described below:

**I.　　BACKGROUND.**

Brown worked for Defendant from 2017 to November 2018. In August 2018, she transferred from Defendant's Sicklerville, New Jersey location to start a position as a City Carrier Assistant in Philadelphia, Pennsylvania. Her starting salary in this position was $16.78, with a promised raise to $17.28 after 12 weeks of work.

During her employment as a City Carrier Assistant, she generally worked between 40 and 55 hours per week. However, when she first transferred into this position, there were administrative issues with setting her up in the payroll system in Philadelphia, and her payments were delayed as a result. Brown raised these issues with her supervisors, and she was eventually added to the normal payroll system. Brown alleges that, despite Defendant's efforts to compensate her with money orders while it was fixing the payroll issues, it failed to completely compensate her for all hours worked, which resulted in unpaid wages and overtime.

In November 2018, Brown took medical leave. When she returned to work, she was terminated. Brown alleges that she was terminated in retaliation for taking medical leave, in violation of the Family and Medical Leave Act (FMLA), while Defendant claims that she was terminated for performance and attendance issues. However, after extensive discovery in this matter, Defendant provided records demonstrating that Brown had not worked 1250 hours in the previous 12 months, as required to qualify for FMLA coverage. *See* 29 U.S.C. § 2611(2)(A)(ii). Because her FMLA claim was not viable as a matter of law, it became clear that Brown was not eligible for any relief under this claim, regardless of the reason that she was terminated.

Defendant also produced extensive payroll and time records. After analyzing these records, Plaintiff's counsel calculated that Brown was still owed between $1,033.86 and $1,612.72 in unpaid wages and overtime, depending on how lunch breaks were factored in. Defendant disputes this calculation and maintains that it fully compensated Brown in accordance with FLSA's wage and overtime provisions. Defendant also raised FLSA's normal two-year statute of limitations as a defense, while Brown believes that Defendant acted willfully by failing to pay her all the wages she earned and that the statutory period should therefore be extended to three years. *See* 29 U.S.C. § 255(a); Def. Answer to Pl. Amended Compl, p. 7. Defendant also

disputes that Brown would be entitled to liquidated damages because it maintains that it acted in good faith and did not willfully violate FLSA's overtime and minimum wage provisions. *See* 29 U.S.C. § 216(b); Def. Answer to Pl. Amended Compl, p. 8.

## II.     THE SETTLEMENT.

After a relatively prolonged negotiation, the Parties agreed on a settlement that requires Defendant to pay a total of $4,250. This includes $1,500 in unpaid minimum wages and overtime, $1,500 in liquidated damages, and $1,250 in attorney's fees.

The settlement agreement is clean and simple. The release is limited to claims arising out of Brown's employment with Defendant, which include the FLSA and FMLA claims she raised. Moreover, there is no confidentiality provision. All parties have signed the agreement and, more importantly, Plaintiff is pleased with the settlement amount.

## III.    THE $3,000 IN TOTAL PAYMENTS TO PLAINTIFF WARRANT APPROVAL.

Although the Third Circuit Court of Appeals has not addressed the issue, this Court generally reviews FLSA settlements to ensure that they represent "'a fair and reasonable resolution of a *bona fide* dispute.'" *Mitchell*, at *1(quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). In this regard, an FLSA settlement will be approved if it: (1) resolves a *bona fide* dispute under the FLSA; (2) is "fair and reasonable to the employee;" and (3) "furthers [ . . . ] the implementation of FLSA in the workplace." *Id.* at *3-4. As is discussed below, each of these requirements is satisfied.

### A.     The Settlement Resolves a *Bona Fide* Dispute.

The "*bona fide* dispute" requirement is satisfied when the dispute "fall[s] within the contours of the FLSA" and there is "evidence of defendant's intent to reject or actual rejection of that claim." *Id.* at *4 (internal quotations omitted); *see also Guice v. DIRECTV, LLC*, 2018 U.S.

Dist. LEXIS 88585, *6 (E.D. Pa. May 24, 2018) ("a *bona fide* dispute exists as to the number of hours worked or the amount of compensation due.") (internal citations omitted.).

Here, Defendant vigorously disputes that Plaintiff is owed any wages or overtime at all, and maintains that the majority of Plaintiff's claim for these wages would be barred by the two-year statute of limitations as most of the workweeks in question occurred more than two years before she filed her complaint on November 11, 2020. Defendant also disputes that Plaintiff is entitled to liquidated damages. As such, the first requirement is satisfied.

### B.     The Settlement is Fair and Reasonable.

Here, the settlement is "fair and reasonable" because, notwithstanding Defendant's potential defenses, the combined $3,000 to be paid to Plaintiff represents substantially more than 100% of her estimated unpaid wages and overtime. As discussed above, Plaintiff's counsel has calculated that she is still owed between $1,033.86 and $1,612.72 under the FLSA. The Parties' compromise of $1,500 in unpaid wages and overtime, plus an additional $1,500 in liquidated damages is an excellent result for Plaintiff given the circumstances. Moreover, Plaintiff has reviewed and signed the settlement agreement in which she approved her recovery from this case.

### C.     The Settlement Furthers the FLSA's Implementation.

District courts have found that FLSA settlements frustrate the implementation of the FLSA when they contain confidentiality agreements or overly-broad release language, or are filed under seal. *See Mitchell* at *4 (citing *Rubbo v. PeopleScout, Inc.*, No. 16-4903, 2017 WL 2010311, at *4 (E.D. Pa. May 11, 2017); *Marby v. Hildebrandt*, No. 14-5525, 2015 WL 5025810, at *2 (E.D. Pa. Aug. 24, 2015); *Lyons v. Gerhard's Inc.*, No. 14-6693, 2015 WL 4378514, at *3 (E.D. Pa. July 16, 2015)). This settlement suffers from no such deficiencies.

### D.  Summary.

In sum, Plaintiff's recovery of $3,000 in total payments warrants judicial approval.

## IV.  THE $1,250 PAYMENT TO PLAINTIFF'S COUNSEL WARRANTS APPROVAL.

In statutory fee shifting cases, such as those that arise under the FLSA, courts "use the lodestar formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Loughner v. University of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001); *see also, In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 333 (3d Cir. 1998) (finding that "The lodestar method is more commonly applied in statutory fee-shifting cases, and is designed to reward counsel for undertaking socially beneficial litigation in cases where the expected relief has a small enough monetary value that a percentage-of-recovery method would provide inadequate compensation.").

Here, Plaintiff's counsel, Community Legal Services ("CLS"), stands to recover a total of $1,250 in attorney's fees under the settlement agreement. This amount is less than CLS's lodestar of $28,766 as of October 7, 2021 (when the settlement was submitted for approval). *See* Declaration of Seth P. Lyons attached hereto.

Accordingly, the Parties respectfully submit that the attorney's fees of $1,250 are fair and reasonable.

## IV.  CONCLUSION.

For all the above reasons, Plaintiffs respectfully request that the Court sign and enter the consent order filed on October 7, 2021, approving the settlement of this FLSA action.

| ON BEHALF OF PLAINTIFF | ON BEHALF OF DEFENDANT |
|---|---|
| Community Legal Services | United States Attorney's Office |
| 1424 Chestnut Street | 615 Chestnut Street, Suite 1250 |
| Philadelphia, PA 19102-2505 | Philadelphia, PA 19106 |

By: __/s/ Seth P. Lyons_____  By: __/s/ Eric D. Gill_____
    Seth P. Lyons      ERIC D. GILL
    Counsel for Plaintiff      Assistant United States Attorney

Dated: 10/25/21      Dated: 10/25/21